# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND, INDIANA

| | |
|---|---|
| BRANDON PATTERSON | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) CAUSE NO. 2:23-cv-00215 |
| CLEVELAND CLIFFS BURNS HARBOR | ) |
| | ) |
| Defendant, | ) |

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, name-above, complains of act and omissions by the Defendant. In support of her Complaint and as cause of action against the Defendant, Plaintiff respectfully submits the following:

## JURISDICTION

1. This suit is authorized and instituted pursuant to Title VII 42 U.S.C. § 2000e.

2. Plaintiff fled a charge with the Equal Employment Opportunity Commission (EEOC) and received a notice to sue on March 31, 2023.

## PARTIES

3. Plaintiff is Black man and at all relevant times he resided in the Northern District of Indiana.

4. Defendant is a corporation doing business in the State of Indiana in the Northern District of Indiana.

## FACTS

5. Plaintiff began working for the Defendant in 2011 as the Operation Technician.

6. Plaintiff was reassigned to a new department in July 2022.

7. After Plaintiff's reassignment, any days off of work that Plaintiff submitted required a meeting where Plaintiff was to discuss in full detail why he took time off (even if Plaintiff presented a doctor's note).

8. In this meeting, Plaintiff's supervisor would have him describe the exact sickness Plaintiff was afflicted with and would then determine himself if Plaintiff's absence was excused, again, even if Plaintiff presented a doctor's note.

9. On March 16, 2022, Plaintiff was placed on a last chance agreement.

10. During that time, Plaintiff called off work for bereavement leave.

11. After Plaintiff returned from bereavement leave, he was terminated by Defendant's General Manager.

12. However, other similarly situated individuals' Caucasian employees took off multiple days for bereavement leave and they were not terminated.

13. Plaintiff was not offered FMLA.

14. Plaintiff was terminated due to his race.

15. Defendant interfered with Plaintiff's FMLA rights.

16. Defendant failed to provide Plaintiff with a reasonable accommodation.

## COUNT I

17. Plaintiff incorporates by reference paragraphs 1-16.

18. Defendant, as a result of terminating Plaintiff due to his race, violated Title VII 42 U.S.C. § 2000 et al.

## COUNT II

19. Plaintiff incorporates by reference paragraphs 1-16.

20. Defendant, as a result of terminating Plaintiff due to his race, violated 42 U.S.C. § 1981.

## COUNT III

21. Plaintiff incorporates by reference paragraphs 1 -16.

22. Defendant, as a result of interfering with Plaintiff's FMLA rights, violated the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601, et seq.

WHEREFORE, Plaintiff respectfully requests that the Court grant the following relief:

A. Award Plaintiff back pay and benefits lost;

B. Award Plaintiff compensatory damages for future pecuniary loss, emotional pain and suffering, inconvenience, mental anguish and loss of enjoyment of life;

C. Award Plaintiff punitive damages;

D. Award Plaintiff liquidated damages;

E. Award Plaintiff his cost in this action and reasonable attorney fees;

F. Grant Plaintiff any other relief which is allowable under the circumstances of this case.

Respectfully Submitted

s//Amber K. Boyd
Amber K. Boyd 31235-49
Attorney for Plaintiff

## REQUEST FOR JURY TRIAL

Comes now the Plaintiff and requests that this cause be tried by a jury.

Respectfully Submitted

s//Amber K. Boyd
Amber K. Boyd 31235-49
Attorney for Plaintiff

Amber K. Boyd 31235-49
Amber K. Boyd Attorney at Law
8510 Evergreen Avenue
Indianapolis, in 46240
(317) 960-5070